Nathan Weiss, Defendant in Error, v. Fred Bender
Store Fixture Company, Plaintiff in Error.

Gen. No. 22,251.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. J. J. SULLIVAN,
Judge, presiding. Heard in the Branch Appellate Court at the
March term, 1916. Affirmed. Opinion filed June 27, 1917.

## Statement of the Case.

Action by Nathan Weiss, plaintiff, against Fred
Bender Store Fixture Company, a corporation, de-
fendant, to recover on a guaranty. To reverse a judg-
ment for $70 for plaintiff, defendant prosecutes this
writ of error.

VICTOR B. SCOTT, for plaintiff in error.

GEORGE H. FENN, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the
court.

## Abstract of the Decision.

1. CORPORATIONS, § 440*—*when corporation has power to guar-
antee rent.* Where a corporation guarantees the payment of rent
and as a direct result thereof the business for which it was formed
will be enhanced, the guaranty is within its implied powers and
enforceable against it.

2. CORPORATIONS, § 439*—*when evidence sufficient to show exe-
cution of guaranty by corporation.* In an action to recover on a
guarantee of rent by a corporation, evidence *held* sufficient to war-
rant a finding that it was executed by the corporation.

3. CORPORATIONS, § 440*—*when evidence sufficient to show that
corporation was bound by guaranty.* In an action to recover on
a guaranty of rent by a corporation dealing in store fixtures, evi-
dence *held* sufficient to show that as a result of the guaranty the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

corporation sold certain fixtures owned by it and was bound by the guaranty.

4. Corporations, § 439*—*when evidence sufficient to show authority of officer to execute guaranty.* Where it appears that a guaranty by a corporation which was *intra vires* was executed by its secretary and treasurer who owned forty-eight per cent. of the capital stock and was also manager of the company, and there was other evidence showing that the execution was authorized, a finding that he had authority to execute the guaranty is warranted.

5. Corporations, § 442*—*when corporation estopped to deny authority of officers to execute guaranty.* A corporation which has received the benefits of a guaranty executed by one of its officers on its behalf, and which was within its corporate powers, will not be heard to deny the officer's authority to execute the guaranty.